**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | |
|---|---|
| **KIRK JOHN NORTHUP,** § | |
| Petitioner, § | |
| § | |
| vs. § | **C.A. NO. C-12-16** |
| § | |
| **RICK THALER,** § | |
| Director, TDCJ-CID, § | |
| Respondent. § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is an inmate in the Texas Department of Criminal Justice - Criminal Institutions Division ("TDCJ-CID") and currently is incarcerated at the Beto 1 Unit in Tennessee Colony, Texas. The actions about which he complains occurred in Aransas County and Anderson County, Texas. Proceeding *pro se* and *in forma pauperis*, petitioner filed this habeas action on January 11, 2012[1] (D.E. 1, 2). The underlying conviction which is the subject of the petition is a 2007 conviction for robbery in Aransas County, Texas. Respondent filed a motion for summary judgment on May 3, 2012 to which petitioner responded on May 14, 2012 (D.E. 18, 20). For the reasons stated herein, it is respectfully recommended that respondent's motion for summary judgment be granted and petitioner's application for habeas corpus relief be dismissed without prejudice because it is second or successive. It is further recommended that petitioner's complaint regarding the conditions of his confinement be dismissed without prejudice.

---

[1] Petitioner declared under penalty of perjury that he placed his petition in the prison mail system on January 11, 2012 and it is considered filed as of that date. Spotville v. Cain, 149 F.3d 374, 376 (5th Cir. 1998).

**JURISDICTION AND VENUE**

To the extent petitioner is asserting that his Aransas County conviction was obtained in violation of the Constitution, jurisdiction and venue are appropriate in this court pursuant to 28 U.S.C. § 1331.[2]  Wadsworth v. Johnson, 235 F.3d 959, 961 (5th Cir. 2000).  To the extent petitioner is challenging his conditions of confinement, venue is inappropriate here because he is confined in Anderson County, located in the Eastern District of Texas.

**BACKGROUND**

Petitioner was convicted of robbery in the 36th District Court of Aransas County, Texas on September 6, 2007 and sentenced to a term of twelve years in TDCJ-CID (D.E. 1 at 2).  He appealed, and on June 9, 2009 the Thirteenth Court of Appeals affirmed his conviction.  Northup v. State, No. 13-07-0581-CR (Tex.App.–Corpus Christi 2009, pet. ref'd)(not designated for publication)(D.E. 14-1 at 1-14).  Petitioner filed a petition for discretionary review but it was refused on September 22, 2009.  Ex Parte Northup, PD-1033-09 (Tex.Crim.App. Sept. 22, 2009)(D.E. 14-8 at 1).

Petitioner filed an application for habeas corpus relief in state court on September 14, 2009, but it was denied because his direct appeal was still pending.  Ex Parte Northup,

---

[2]Although it is recommended herein that petitioner's cause of action be dismissed because this court does not have jurisdiction over petitions which are "second or successive," "[a] bedrock principle of federal courts is that they have jurisdiction to determine jurisdiction."  Cargill Ferrous Intern. v. SEA PHOENIX MV, 325 F.3d 695, 704 (5th Cir. 2003).

WR-72,910-01 at 8-156 and "Action Taken" page. (D.E. 14-14 at 2, 11-70; 14-15 at 1-58; 14-16 at 1-31).  Petitioner filed a second state habeas application and it was denied without written order on February 17, 2010.  Ex Parte Northup, WR-72,910-02 at "Action Taken" page (D.E. 14-17 at 2).  Petitioner subsequently filed two more state habeas applications, both of which were dismissed as subsequent applications on September 21, 2011 and December 28, 2011, respectively.  Ex Parte Northup, WR-72,910-03 and -04 at "Action Taken" pages (D.E. 14-20 at 2; 14-22 at 2).

In the meantime, petitioner filed an application for writ of habeas corpus in federal court, alleging that he was actually innocent of the crime, that his due process rights were violated during the proceedings and that he received ineffective assistance of counsel at trial and on appeal.  The District Court granted the respondent's motion for summary judgment and dismissed petitioner's application for habeas relief on September 2, 2010. Northup v. Thaler, No. C-10-85, 2010 WL 3505123 (S.D. Tex. Sept. 2, 2010).  Petitioner filed a notice of appeal and sought a Certificate of Appealability in that case and it was denied.  Northup v. Thaler, No. 10-40935 (5th Cir. Feb. 8, 2011).  He also filed a petition for writ of certiorari with the United States Supreme Court and it was denied on June 13, 2011.  Northup v. Thaler, 131 S.Ct. 2999, 180 L.Ed.2d 828 (2011).

In his current application for habeas relief, petitioner contends that it was not the intent of the trial court to sentence him to be housed with members of prison and street gangs who threaten and abuse him on a regular basis.  He further contends that there is no

3

evidence to support his conviction and that he is actually and factually innocent of the crime of robbery. He seeks an evidentiary hearing.

In his motion to dismiss, respondent argues that the federal court does not have jurisdiction to hear petitioner's case because it is "second or successive" under 28 U.S.C. § 2244(b). Respondent also argues that because one of petitioner's claims challenges the conditions of confinement rather than the fact or duration of his sentence, it should be filed as a civil rights complaint pursuant to 42 U.S.C. § 1983.

## DISCUSSION

### A. Conditions of Confinement

To the extent petitioner is asserting that he is being harassed or abused by inmates who belong to prison or street gangs, or that he is in danger because he is housed with them, he is challenging the conditions of his confinement and should do so via a 42 U.S.C. § 1983 cause of action. Petitioner's conditions of confinement claims are not properly raised in a habeas petition. "Section 1983 is an appropriate legal vehicle to attack unconstitutional parole procedures or conditions of confinement." Cook v. Texas Department of Criminal Justice Transitional Planning Dept., 37 F.3d 166, 168 (5th Cir. 1994) (citing Spina v. Aaron, 821 F.2d 1126, 1128 (5th Cir. 1987). If resolution of the factual and legal allegations would not automatically entitle petitioner to accelerated release, then a habeas petition is not the appropriate remedy. Id.. It is respectfully recommended that petitioner's conditions of confinement claims be dismissed without

4

prejudice so that he may exhaust his administrative remedies and file his claims in a § 1983 lawsuit.[3]

### B. Habeas Corpus Claim

A petition is "second or successive" if it raises a ground that was or could have been raised in an earlier petition, or if it otherwise constitutes an abuse of the writ. United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000). Pursuant to 28 U.S.C. § 2244(b)(3)(A), before a second or successive application for habeas corpus relief is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. "Indeed, the purpose of [§ 2244(b)] was to eliminate the need for the district courts to repeatedly consider the challenges to the same convictions unless an appellate panel first found that those challenges had some merit." United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000)(citing In re Cain, 137 F.3d 234, 235 (5th Cir. 1998)).

Petitioner raised the same issues in his first federal habeas application that he raises in his current one. Therefore, his instant petition bringing up those claims clearly is "second or successive."

This court lacks jurisdiction over a habeas action that is "second or successive." See Key, 205 F.3d at 774; Hooker v Sivley, 187 F.3d 680, 681-82 (5th Cir. 1999). This

---

[3]In his response to the motion for summary judgment (D.E. 20) petitioner stated that he has a 42 U.S.C. § 1983 action pending in the Eastern District of Texas styled Northup v. Bell, No. 6:11cv00222.

court may either dismiss the claim without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals, or may transfer the successive petition to the Fifth Circuit for a determination of whether petitioner should be allowed to file the successive motion in the district court.  See 28 U.S.C. §2244 (b)(3)(A).  See also Henderson v. Haro, 282 F.3d 862, 864 (5th Cir. 2002);  In re Epps, 127 F.3d 364, 365 (5th Cir. 1997)(approving practice of transferring successive motions to the Circuit and establishing procedures in the Circuit to handle such transfers).

Because petitioner has presented neither argument nor evidence indicating that he will be able to make a prima facie showing that his application satisfies the statute,[4] dismissal without prejudice would be more efficient and better serve the interests of justice than a transfer to the Fifth Circuit.  Accordingly, it is recommended that petitioner's habeas corpus claim be dismissed without prejudice to re-filing if proper authorization from the Fifth Circuit is obtained.

## C.  Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."

---

[4] Petitioner will have to demonstrate to the Fifth Circuit that his claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable; or that the factual predicate of the claim could not have been discovered previously through the exercise of due diligence and the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.  28 U.S.C. § 2244(b)(2).

28 U.S.C. § 2253(c)(1)(A). Although petitioner has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Slack v. Daniel, 529 U.S. 473, 484, 120 S.Ct. 1604, 146 L.Ed.2d 542 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327, 123 S.Ct. at 1034.

A slightly different standard applies when the claims are dismissed on procedural grounds. In that instance, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 120 S.Ct. at 1604, 529 U.S. at 484 (emphasis added).

In petitioner's case, it is recommended that his claims be dismissed on procedural grounds. If the district court orders that petitioner's cause of action be dismissed, it is further recommended that the COA be denied because reasonable jurists would not disagree that the petition is second or successive.

## **RECOMMENDATION**

For the reasons stated above, it is respectfully recommended that respondent's motion for summary judgment (D.E. 18) be granted. Petitioner's habeas corpus application should be dismissed without prejudice as second or successive. Petitioner's cause of action challenging the conditions of his confinement also should be dismissed without prejudice. It is further recommended that a COA be denied.

Respectfully recommended this 7th day of August, 2012.

_____
   B. JANICE ELLINGTON
   UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996)(en banc).